UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cr-80027-Middlebrooks/Matthewman

UNITED STATES OF AMERICA,

v.

OSCAR DANIEL MARTINEZ-NUNEZ,

    Defendant.
_____/

FILED BY KJZ D.C.

Jun 24, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from U.S. District Judge Donald M. Middlebrooks, DE 65, and the consent of the parties for a U.S. Magistrate Judge to conduct the change of plea hearing and accept a guilty plea for Defendant, Oscar Daniel Martinez-Nunez ("Defendant"). The Court held a change of plea hearing via Zoom videoconference on June 24, 2021[1], which was attended by Defendant, his counsel Shaun Rosenberg, Esq. (on behalf of Scott Skier, Esq.), and Assistant U.S. Attorney Daniel Funk, Esq. (on behalf of Adam McMichael, Esq.) The Court hereby advises as follows:

The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court further advised Defendant that the undersigned U.S. Magistrate Judge was conducting the change of plea hearing and taking Defendant's plea of guilty by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding

---

[1] Prior to the change of plea hearing, defense counsel filed a Consent to Appear by Video or Audio Teleconference for Change of Please [DE 68], which was executed by defense counsel on Defendant's behalf.

U.S. District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

1. The Court advised Defendant that he did not have to consent to the undersigned conducting this hearing or taking his guilty plea and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing and taking Defendant's guilty plea.

2. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

3. A written plea agreement has been entered into by the parties in this case. [DE 72]. This Court reviewed the plea agreement and had the Defendant acknowledge that he had reviewed and signed the plea agreement. This Court also made certain that Defendant was aware of any maximum sentences which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

4. Defendant acknowledged that he was fully satisfied with the services of his attorneys, including Mr. Skier and Mr. Rosenberg, and that he had full opportunity to discuss all facets of his case with his attorneys.

5. Defendant knowingly and voluntarily with the advice of competent counsel pled guilty to Count Two of the Indictment, which count charges Defendant with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii).

6.     The parties filed a Plea Agreement [DE 72] and Factual Proffer [DE 73], made part of the record and both signed by Defendant, defense counsel, and the Government. This factual proffer, which was orally modified and corrected on the record as to paragraph 5, includes all of the essential elements of and factual support for the offense to which Defendant pled guilty. Defendant acknowledged that the written proffer and oral proffer were true and correct.

7.     Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the undersigned

FINDS that Defendant is fully competent and capable to waive his guaranteed right to be present, in person at today's proceeding, and to consent to appear by video teleconference at today's proceeding;

That Defendant understands the nature of these proceedings and his guaranteed right to be present, in person, at this proceeding;

That Defendant has knowingly and voluntarily waived his guaranteed right to be present;

That due to the COVID 19 pandemic and based upon the CARES Act and the Administrative Orders of this Court, and in light of Defendant's fully informed and voluntary waiver, today's plea hearing could not be further delayed without serious harm to the interests of justice and therefore this proceeding was held by video teleconference; and

RECOMMENDS that Defendant, Oscar Daniel Martinez-Nunez, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to Count Two of the Indictment (2) that

his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter. Sentencing is currently set for September 8, 2021 at 10:30 a.m. before the Honorable Donald M. Middlebrooks, United States District Judge.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 24th day of June, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge